## NEWHOME CORPORATION et al. v. BRIGGS.

### Civ. No. 3990.

United States District Court
W. D. New York.

Dec. 12, 1949.

138

Edward H. Cumpston, Rochester, N. Y., attorney for plaintiffs.

George Burns, Rochester, N. Y., Paul E. McNamara, Rochester, N. Y., attorneys for defendant (Robert H. Wendt, Rochester, N. Y., of counsel).

BURKE, District Judge.

This is a motion by defendant for summary judgment. The amended complaint alleges that Kryptar Corporation a bankrupt, and the trustee in bankruptcy have infringed plaintiffs' patent for electronic animal traps. After the trustee's answer to the original complaint had been served, he demanded a bill of particulars with which the then plaintiff, Newhome Corporation, without objection, complied. In answer to the trustee's demand for a particular statement of the acts of the defendant which the plaintiff claimed to constitute infringement, the. plaintiff stated; "The acts which the plaintiff will claim constitute an infringement of plaintiff's patent rights are the manufacture, use and sale of rat traps as alleged in paragraphs 7 to 12, inclusive of defendant's answer." The portions of the answer referred to set forth in substance as follows: The bankrupt had contracted with LFC Corporation for the manufacture of certain traps and the bankrupt manufactured traps under the contract, but had ceased manufacture prior to bankruptcy. All the traps which came into the trustee's possession had been paid for by LFC prior to bankruptcy and title had passed to LFC prior to bankruptcy. Such traps as did come into trustee's possession were turned over by the trustee to LFC and the trustee abandoned any claim or lien on such traps, pursuant to an order of the bankruptcy court. Defendant then moved for summary judgment. Plaintiff filed in opposition the affidavit of Hohler, sworn to June 9, 1949, an engineer employed by Newhome. The affidavit set forth alleged acts of infringement by the "Defendant", manifestly meaning the bankrupt, for the alleged acts predated the bankruptcy. No acts of infringement by the trustee were alleged. Prior to the disposition of that motion Newhome, the plaintiff, moved to amend the complaint and to bring in additional parties plaintiff. That motion was granted and plaintiff served an amended complaint.

So the matter stands now, except for the additional bare allegations of infringement in the amended complaint. On this motion for summary judgment directed to the amended complaint, plaintiffs tender no other proof on which they intend to rely to establish infringement by the trustee, as alleged in the amended complaint. So far as the acts of the trustee are concerned, there is no genuine issue for trial.

So far as the acts of the bankrupt are concerned, that presents a different question. No formal proof of a claim against the bankrupt's estate has been filed. The time for filing has expired. Plaintiffs now claim that notice of infringement served on the trustee and service on the trustee of the original complaint constitutes effective proof of their claim against the bankrupt estate under the Bankruptcy Law. It is stated in plaintiffs' brief on this motion that a petition has now been filed with the referee in bankruptcy for leave to file an amended and formal proof of claim. Those questions occur in the administration of the bankrupt estate and should be decided by the referee in bankruptcy. Plaintiffs urge that this action, in so far as it seeks a recovery based upon acts of infringement by the bankrupt, may be treated as a means of liquidating plaintiffs' claim. The motion for summary judgment to dismiss the amended complaint, in so far as it is based upon acts of infringement by the bankrupt, is denied without prejudice to renew the same, if the decision of the referee in bankruptcy on the question whether plaintiffs should

have leave to file an amended and formal proof of claim should warrant the renewal of the motion.

Defendant may have summary judgment dismissing the amended complaint in so far as it seeks a recovery based upon alleged acts of infringement by the trustee.

I do not decide, because I think it unnecessary for present purposes, whether an unliquidated claim for damages based on patent infringement, may be asserted against a bankrupt estate.